Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6213 | **DATE** | 11/17/2004 |
| **CASE TITLE** | Weniger vs. Arrow Financial Services, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, defendants' motion to dismiss [#9] is denied. Defendants are to answer the complaint by 12/8/04. Status hearing is set for scheduling conference on 1/24/05 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 18 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 3D |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/17/2004 | |
| | | | date mailed notice | |
| MD | courtroom deputy's initials | | MD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TODD WENIGER, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. 03 C 6213<br>Judge Joan H. Lefkow |
| ARROW FINANCIAL SERVICES LLC, ) LANCE S. MARTIN, and JOHN C. PIRRA, ) ) | |
| Defendants. ) ) | DOCKETED<br>NOV 1 8 2004 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Todd S. Weniger ("Weniger"), brings this putative class action against defendants, Arrow Financial Services LLC ("Arrow") and attorneys Lance S. Martin ("Martin") and John C. Pirra ("Pirra") (collectively, "defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* (Counts I-IV), and the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/1 *et seq.* (Count V).[1] Defendants have moved to dismiss all counts pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Weniger invokes this courts jurisdiction over the claims under 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1367. For the reasons stated below, the motion is denied.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted.

---

[1] Weniger brings Counts I-III against all defendants, Count IV against Martin and Pirra, and Count V against Arrow.

*General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no facts in support of its claim that would entitle it to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy* v. *Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

## ALLEGATIONS OF THE COMPLAINT

Arrow is regularly engaged in the business of collecting consumer debts. (Compl. ¶ 10.) Martin is Arrow's Vice President and General Counsel. (*Id.* ¶ 13.) Pirra is an attorney employed by Arrow. (*Id.* ¶ 16.) In September 2002, defendants filed a complaint against Weniger in the Circuit Court of Cook County, Illinois, seeking to collect a credit card debt Weniger allegedly owed Citibank. (Compl. ¶ 20, 33.) Defendant's complaint alleged that Weniger's debt amounted to $1,355.83, including a principal sum of $679.05 and interest amounting to $676.78. (*Id.* ¶ 22.) Defendants also sought $350.00 to cover attorney fees, as well as an unspecified sum for court costs. (*Id.* ¶ 23.) Defendants did not attach a written contract establishing the existence of the debt to their state court complaint. (*Id.* ¶ 62, 65, 66.) At the time defendants filed the complaint, Weniger resided in DuPage County, Illinois. (*Id.* ¶ 35.) Weniger had signed the cardholder agreement for the Citibank account at issue in McClean County, Illinois. (*Id.* ¶ 34.) Weniger had terminated the Citibank account in question in December 1996, and the account had been inactive since April 1996. (*Id.* ¶¶ 60-61.) The state court dismissed the complaint for lack of prosecution on November 18, 2002. (Def. Ex. 2.)

## DISCUSSION

Weniger alleges that defendants violated the FDCPA by filing the collection case in the wrong judicial district (Count I), seeking attorneys' fees in excess of the amount they were entitled to collect (Count II), and seeking collection on a debt that was time barred (Count III). He also alleges that Arrow, by the same conduct, violated the ICAA (Count V). Finally, he alleges that Martin and Pirra violated the FDCPA by failing to conduct meaningful attorney review before filing the collection case (Count IV).

Defendants argue that Weniger's complaint should be dismissed in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because (1) the court lacks subject matter jurisdiction over the claims under the *Rooker-Feldman* doctrine; (2) the claims are barred for failure to bring an Illinois Supreme Court Rule 137 petition in state court; (3) defendants' conduct is not actionable pursuant to the litigation privilege; and (4) Weniger fails to state a claim.

### I. *Rooker-Feldman*

Under the *Rooker-Feldman* doctrine, lower federal courts do not have subject matter jurisdiction over claims that would require them to review a final judgment of a state court. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999), *citing Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994) (to determine whether the *Rooker-Feldman* doctrine applies, the initial question is whether the federal plaintiff "is seeking what in substance would be an appellate review of [a] state judgment [ ] in a United States

3

District Court."). The doctrine applies both to claims that were raised before the state court and those that are "inextricably intertwined with state court determinations." *Long*, 182 F.3d at 554. When determining whether the doctrine applies in a particular case, the court must determine whether the "injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Id.* at 555. "If the injury alleged resulted from the state court judgment itself, the *Rooker-Feldman* doctrine dictates that the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional." *Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 702 (7th Cir. 1998). "By contrast, if the alleged injury is distinct from the state court judgment and not inextricably intertwined with it, the *Rooker-Feldman* doctrine does not apply . . . ." *Id.* "The pivotal inquiry is 'whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim'." *Long*, 182 F.3d at 555 (citing *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996)).

Defendants' *Rooker-Feldman* argument fails for two reasons. First, the state court dismissed Arrow's suit against Weniger for lack of prosecution. Weniger is not asking this court to review that judgment nor alleging that he was injured by it. His claim is wholly distinct from the final disposition of Arrow's state court suit against Weniger. Thus, *Rooker-Feldman* does not apply.

Moreover, even if the state court had reached final judgment against Weniger, *Rooker-Feldman* would not apply. In *Long*, the Seventh Circuit held that FDCPA claims arising from pre-judgment collection activities do not seek to "set aside" a state court judgment, and therefore are not barred by *Rooker-Feldman*. 182 F.3d at 552-53. The defendant in *Long* had obtained a

4

state court judgment evicting the plaintiff from her home for non-payment of rent. 182 F.3d at 552-53. The plaintiff then filed a federal suit under the FDCPA claiming that the defendants falsely represented the character, amount, and legal status of the debt plaintiff allegedly owed them. The Seventh Circuit held that plaintiff's FDCPA claims were independent of and complete prior to the entry of the eviction order. *Id.* at 556. Here, Weniger's claims all arise from just such pre-judgment collection activities. He alleges that defendants filed a time-barred lawsuit, seeking unauthorized amounts, in the wrong jurisdiction, all in violation of the FDCPA. These alleged violations were complete the moment defendants filed suit against Weniger in state court and are independent of the state court's judgment in the case. Thus, Weniger's claims are not barred by *Rooker-Feldman*.

## II. Illinois Supreme Court Rule 137

Next, defendants argue that Illinois Supreme Court Rule 137, the state law counterpart to Rule 11 of the Federal Rules of Civil Procedure, preempts Weniger's FDCPA claims against Martin and Pirra, because Rule 137 is the exclusive remedy to redress abusive debt collection practices by lawyers in litigation. This argument is utterly frivolous. Rule 137 serves "to punish litigants and their attorneys who certify pleadings that are false or frivolous or have no basis in law." *The Habitat Co. v. McClure*, 703 N.E. 2d 578, 593 (1st Dist. 1998). The rule is intended to ensure attorney accountability, not to insulate attorneys against all other claims against them. If defendants' argument was accepted, any claim, state or federal, related in any way to a document signed by an attorney, would be preempted by Rule 137. Longstanding common law causes of action, such as malicious prosecution and legal malpractice, would be eliminated.

5

Contrary to defendants' argument, the text of Rule 137 certainly does not mandate it as the exclusive remedy for the types of violations alleged in this case. Rule 137 provides that "all proceedings under this rule shall be brought within the civil action in which the pleading, motion or other paper referred to has been filed, and no violation or alleged violation of this rule shall give rise to a separate civil suit, but shall be considered a claim within the same civil suit." Ill. S. Ct. Rule 137. This only means that claims for violations of Rule 137 must be brought in the same civil suit in which the violations allegedly occurred. Weniger, however, does not allege violations of Rule 137; he alleges violations of the FDCPA. Defendants cite to no authority for the proposition that attorneys whole violate the express provisions of the FDCPA may only be sued under Rule 137. Thus, defendants motion to dismiss on this ground is denied.

### III. Common Law Litigation Privilege

Defendants argue that Weniger's FDCPA claims against Martin and Pirra should be dismissed because their actions are shielded by the common law litigation privilege. This privilege provides that conduct undertaken in the adversarial setting of litigation and is otherwise remediable in that litigation cannot form the basis for further litigation. *See Steffes v. Stepan Co.*, 144 F.3d 1070 (7th Cir. 1998). However, "[a] state absolute litigation privilege purporting to confer immunity from suit cannot defeat a federal cause of action." *Id.* at 1074. Because Weniger states a federal cause of action under the FDCPA, the common law litigation privilege does not bar his claim.

### IV. Rule 12(b)(6)

Finally, defendants argue that Weniger's claim based on the alleged attempt to collect a time-barred debt fails because the applicable statute of limitations for collection of the debt is ten

years, not five years as Weniger claims. However, the ten-year statute of limitations only applies to written contracts.[2] 735 ILCS 5/13-205. Here, Weniger's complaint states that "Defendants do not have a written contract to enforce." (Compl. ¶ 62.) Defendants could have attached the written contract, if one exists, to their motion to dismiss. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (holding that a court may consider documents attached by a defendant to a motion to dismiss if those documents are referred to in the plaintiff's complaint). They did not do so. Thus, the court accepts as true Weniger's allegation that no valid written contract exists between Weniger and Citibank. *Dixon*, 291 F.3d at 486. Thus, defendants' motion to dismiss for failure to state a claim is denied.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is denied [#9]. Defendants are directed to answer plaintiff's Complaint on or before December 8, 2004. This case will be called for scheduling conference on January 24, 2005 at 9:30 a.m. In the meantime, the parties are directed to meet in a sincere effort to resolve this case short of trial.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: November 17, 2004

---

[2] Under Illinois law, a written contract is one which

> in all its terms, is in writing. A contract partly in writing and partly oral is, in legal effect, an oral contract. If it be true that the agreement, as set forth in writing, is so indefinite as to necessitate resort to parol testimony to make it complete, the law is, that in applying the statute of limitations it must be treated as an oral contract.

*Wielander v. Henich*, 211 N.E.2d 775, 776 (1st Dist. 1965)(internal citations omitted).

7